**Russell Daniel KEITH, Petitioner–Appellant,**

v.

**Terry L. STEWART, et. al., Respondents–Appellees.**

No. 00–15863.

D.C. No. CV–98–00056–WDB.

United States Court of Appeals, Ninth Circuit.

Submitted March 13, 2001.*

Decided March 15, 2001.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before HAWKINS, McKEOWN, and WARDLAW, Circuit Judges.

MEMORANDUM **

Russell Daniel Keith appeals the district court's decision to deny his petition for a writ of habeas corpus filed pursuant to 28 U .S.C. § 2254. Because the parties are familiar with the factual and procedural history of this case, we do not recount it here except as necessary to explain our disposition. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

To establish a claim for ineffective assistance of counsel and thus provide grounds for federal habeas relief, Keith must show that (1) his trial counsel's performance was deficient, and (2) the deficiency prejudiced his defense. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Keith argues that trial counsel's performance was deficient because he failed to file an appeal.

Trial counsel's performance is deficient and per se prejudicial if he fails to file an appeal after a defendant specifically requests one. *Roe v. Flores–Ortega,* 528 U.S. 470, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000). Reviewing the record in its entirety, we conclude that the district court did not clearly err in finding that Keith failed to sustain his burden of proving that he requested an appeal. *See Lawyer v. Dept.*

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Of Justice, 521 U.S. 567, 580, 117 S.Ct. 2186, 138 L.Ed.2d 669 (1997) (reviewing a district court's findings of fact for clear error).

■ Even where no appeal is requested, trial counsel may nevertheless have a constitutional duty to consult with a defendant regarding an appeal if (1) there was reason to think that a rational defendant would want to appeal or (2) the defendant reasonably demonstrated an interest in appealing. *Roe*, 528 U.S. at 481, 120 S.Ct. 1029. Keith had been charged with attempted murder but was convicted only of aggravated assault. Although he faced the possibility of prison time, Keith received only a combination of shock incarceration and probation—a sentence he described as the "least of two evils." Trial counsel believed that Keith was pleased with the sentence. Although the parties dispute Keith and his trial counsel discussed an appeal after sentencing, Keith never followed up with his trial counsel or inquired about the status of his appeal after his release from shock incarceration. Furthermore, Keith's trial counsel testified that, at the time of Keith's sentencing, he did not follow his usual practice of immediately filing a pre-printed notice of appeal once a defendant has indicated an interest in appealing, suggesting that Keith never asked him to do so. Given these facts, we cannot say that the district court erred in concluding that there was no reason to think a rational defendant would want to appeal. Nor can we say that the district court erred by finding that Keith failed to reasonably demonstrate an interest in appealing.

Because the record supports the district court's factual conclusions, we agree with the district court's conclusion that "counsel's failure to consult with petitioner about an appeal was objectively reasonable and not constitutionally deficient."

AFFIRMED.